IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM A. WHITE,

       Petitioner,

vs.                                                 Case No. 16–cv–1374–DRH

MAUREEN BAIRD
*Warden, USP-Marion*,

       Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

      Petitioner William White, who is currently incarcerated in the Federal Correctional Institution in Marion, Illinois, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 6) in the Northern District of Illinois. In the Petition, he challenges his conviction for transmitting in interstate commerce threats to injure or intimidate individuals in violation of 18 U.S.C. § 875(c). (Doc. 6). The Petition was reviewed and a response ordered while this case was pending in the Northern District of Illinois. (Doc. 8). The case was then transferred to this District on December 21, 2016. (Doc. 41). In the interest of clarity, and because the venue and respondent have since changed, this Court will reiterate the findings of that Order (Doc. 8) and order a response from the appropriate respondent.

1

**The Petition**

Petitioner argues in the Petition (Doc. 6) that he is entitled to relief under *Elonis v. United States*, 135 S. Ct. 2001 (2015). *Elonis* holds the government must prove the defendant had the subjective intent to send the threats in order for the defendant to be convicted for transmitting them in violation of 18 U.S.C. § 875(c). Petitioner argues that he was convicted under a prior interpretation of § 875(c), which did not require proof of subjective intent. He also claims that the savings clause of 28 U.S.C. § 2255(e) applies to his case, so a habeas corpus petition under 28 U.S.C. § 2241 is appropriate. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *In re Davenport*, 147 F.3d 605 (7th Cir. 1998)).

**Discussion**

On April 20, 2016, the Northern District of Illinois determined that Petitioner "has made a sufficient showing to require a response by the government." (Doc. 8, p. 2). This Court finds no reason to disagree. The Respondent will therefore be ordered to answer the Petition (Doc. 6) or otherwise respond within 30 days of the date this Order is entered.

**Motion for Default Judgment**

Petitioner filed a Second Motion for Default Judgment (Doc. 47) on February 17, 2017. In his Motion, he argues that the matter is ripe for default judgment as the government is "forty days in default" from the date he moved to substitute the respondent on January 12, 2017. (Doc. 47, p. 2). He also claims that this is the fifth time the government has been in default in this case,

explaining that the government missed the original filing deadline for response to the Petition and requested extensions of time to file two times before filing a motion to dismiss after the deadline. (Doc. 47, pp. 2, 3). Given the extensions of time to file were granted (*See* Docs. 14, 25), Petitioner's claim that the government defaulted five times in this case is incorrect.

Regardless, this Court will not grant default judgment at this stage. Although the Court may enter a default judgment against a party that fails to respond after notice in a civil case, "default judgment, without full inquiry into the facts, is especially rare when entered against a custodian in a habeas corpus proceeding." *Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981); FED. R. CIV. P. 55. Accordingly, a default judgment should only be entered where the government's delay has been extreme. *Id.* (citing *Ruiz*, 660 F.2d at 341). Even where the delay approaches the tipping point, courts should still decide the motion on the merits if possible because "if the petition has no merit[,] the delay in disposing of it will in the usual case have caused no prejudice to the petitioner." *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994).

The Respondent's delay in this case is not so extreme as to warrant a default judgment. In fact, the appropriate respondent according to Petitioner's Motion for Substitution (Doc. 44), B True, had not yet been substituted as a party at the time Petitioner filed his Motion for Default Judgment. (Doc. 47). The Court will therefore deny Petitioner's Motion for Default Judgment and allow True, the newly substituted Respondent, to answer.

### Pending Motions

Petitioner has filed a Motion for Substitution of Respondent (Doc. 44), which is hereby **GRANTED**. "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. §§ 2242, 2243). "The default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435. Petitioner claims that B True replaced Maureen Baird as Warden of the Federal Correctional Institution in Marion, Illinois. Accordingly, the Court substitutes True as Respondent pursuant to Federal Rule of Civil Procedure 25.

Petitioner has also filed a Second Motion for Default Judgment Pursuant to FED. R. CIV. P. 55(a), (d) (Doc. 47), which is **DENIED** for the reasons articulated herein.

### Disposition

**IT IS HEREBY ORDERED** that True shall answer the Petition or otherwise plead within thirty (30) days of the date this order is entered (on or before March 23, 2017).[1] This preliminary order to respond does not, of course, preclude the government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

The Clerk is **DIRECTED** to substitute **B TRUE** as the respondent in this action, and terminate **M. BAIRD**.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 21st day of February, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.02.21 15:11:02 -06'00'

**United States District Judge**